JAMES WILLIAMS V. STATE.

No. 24631. February 8, 1950.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 22, 1950.

*Burt Barr, Leland Johnson,* and *A. S. Baskett,* all of Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty and assessed a punishment of twenty-five years in the penitentiary for the murder of Gertrude Simms. The jury rejected his claim of self-defense and by assessing such punishment disposed of his application for suspension of sentence.

The killing occurred at Lightner's Cafe on Leonard Street in Dallas after midnight. Appellant and the deceased became involved in a dispute about the use of the rest-room which seemed to be available for use by both men and women. The deceased,

a woman, struck appellant across the cheek or nose during this dispute.

The proprietor was called who asked appellant or both appellant and the deceased to get out. Appellant went to the vicinity of the front door, and noticed that his nose was bleeding.

The deceased followed him within the cafe proper, and appellant caught her and inflicted wounds upon her with a knife, from which wounds she shortly thereafter died.

Appellant ran from the scene and the proprietor fired at him as he ran. He was arrested the following morning, and made a written confession to the officer which was admitted in evidence without objection.

No question is raised as to the sufficiency of the facts to support the verdict of the jury.

Appellant, by his Bills of Exception Nos. 1, 2 and 14, questions the admissibility of evidence given by the undertaker concerning wounds found by him on the body of the deceased, and the expression of an opinion by such witness as to the effect of such wounds. His objections were based on the claim that the witness was not shown to be qualified to give such testimony.

The witness detailed his education and experience as an undertaker. He testified as to the facts upon which he based the opinions expressed by him.

The court was warranted in finding that the witness was qualified, and the objection was properly overruled. The objection went more to the weight of the evidence than to its admissibility.

Other bills of exception were to questions permitted to be answered over appellant's objections, and to sustaining of objections by the state to questions propounded by appellant. The state was properly permitted to prove the facts concerning the location and position of the body after the killing, and no harm is shown to appellant in the manner of such proof. These bills, as qualified by the court, fail to show error.

The judgment is affirmed.

Hawkins, P. J., absent.

Opinion approved by the court.